### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUNG YOO, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| TSAROUHIS LAW GROUP, LLC; AXIOM ACQUISITION VENTURES, LLC, | |
| Defendant(s). | |

### LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

JUNG YOO
197 East Main Street
Oceanport, New Jersey 07757

TSAROUHIS LAW GROUP, LLC
21 S 9th Street
Allentown, Pennsylvania 18102

AXIOM ACQUISITION VENTURES, LLC
12425 Race Track Road, Suite 100
Tampa, Florida 33626

### PRELIMINARY STATEMENT

2.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, TSAROUHIS LAW GROUP, LLC ("TSAROUHIS LAW"); AXIOM ACQUISITION VENTURES, LLC ("AXIOM ACQUISITION")  and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act

(hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.      Plaintiff is a natural person, a resident of Monmouth County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      TSAROUHIS LAW maintains a location at 21 S 9th Street, Allentown, Pennsylvania 18102.

8.      AXIOM ACQUISITION maintains a location at 12425 Race Track Road, Suite 100, Tampa, Florida 33626.

9.      TSAROUHIS LAW uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10.     AXIOM ACQUISITION uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11.    TSAROUHIS LAW is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

12.    AXIOM ACQUISITION is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13.    John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14.    Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15.    This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who TSAROUHIS LAW collected or attempted to collect a debt from, which was owned by AXIOM ACQUISITION.
>
> The Class period begins one year to the filing of this Action.
>
> The Class definition may be subsequently modified or refined.

16.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    i.   Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.  Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21.    At some time prior to September 15, 2023, Plaintiff allegedly incurred a financial obligation to PENTAGON FEDERAL CREDIT UNION ("CREDIT UNION").

22.    The CREDIT UNION obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

23.    Plaintiff incurred the CREDIT UNION obligation by obtaining goods and services which were primarily for personal, family and household purposes.

24.    The CREDIT UNION obligation did not arise out of a transaction that was for non-personal use.

25.    The CREDIT UNION obligation did not arise out of a transaction that was for business use.

26.    Plaintiff incurred the CREDIT UNION obligation in connection with a personal loan.

27.    The CREDIT UNION obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.    CREDIT UNION is a "creditor" as defined by 15 U.S.C. § 1692a(4).

29.    At some time prior to September 15, 2023, the CREDIT UNION obligation was allegedly purchased by and/or sold to AXIOM ACQUISITION.

30.    At the time the CREDIT UNION obligation was purchased by and/or sold to AXIOM ACQUISITION, the obligation was in default.

31.    The principal purpose of AXIOM ACQUISITION is the collection of debts which are in default at the time it purchases the debts.

32.    AXIOM ACQUISITION did not obtain a license from the New Jersey Department of Banking and Insurance prior to making attempts to collect the CREDIT UNION obligation as required by law.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

33.    On or before September 15, 2023, AXIOM ACQUISITION, directly or through an agent, referred the CREDIT UNION obligation to TSAROUHIS LAW for the purpose of collections.

34.     At the time the CREDIT UNION obligation was referred to TSAROUHIS LAW the CREDIT UNION obligation was in default.

35.     In an attempt to collect on the CREDIT UNION obligation, Defendants caused to be served on Plaintiff a complaint which was filed on September 15, 2023 in the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, Docket No.: DC-007244-23 ("Collection Complaint").   A copy of is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

36.     AXIOM ACQUISITION did not obtain a license from the New Jersey Department of Banking and Insurance prior to causing TSAROUHIS LAW to file the Collection Complaint.  See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer,* 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

37.     The Collection Complaint was sent to Plaintiff in connection with the collection of the CREDIT UNION obligation.

38.     The Collection Complaint is a "communication" as defined by 15 U.S.C. § 1692a(2).

39.     Upon receipt, Plaintiff read and relied on the statements and representations in the Collection Complaint.

40.     The outstanding balance claimed to be due by Defendants on the CREDIT UNION obligation as of September 15, 2023 included an amount for interest, fees and/or other charges.

41.    At all times relevant herein, AXIOM ACQUISITION derived income from sources within New Jersey.

42.    At all times relevant herein, AXIOM ACQUISITION transacted business in New Jersey.

43.    AXIOM ACQUISITION is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

44.    AXIOM ACQUISITION is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

45.    AXIOM ACQUISITION is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

46.    The CREDIT UNION obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

47.    Alternatively, the CREDIT UNION obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

48.    AXIOM ACQUISITION engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

49.    AXIOM ACQUISITION engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

50.    At all times relevant to this matter, AXIOM ACQUISITION did not possess a license under authority of the New Jersey Consumer Finance Licensing Act.

51.    At all times relevant to this matter, AXIOM ACQUISITION did not possess a license issued by the New Jersey Department of Banking and Insurance.

52.    At all times relevant to this matter, AXIOM ACQUISITION did not possess a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

53.    As such, at no time was TSAROUHIS LAW authorized to collect the CREDIT UNION obligation.

54.    As such, at no time was AXIOM ACQUISITION authorized to collect the CREDIT UNION obligation.

55.    As AXIOM ACQUISITION did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the CREDIT UNION obligation.

56.    As AXIOM ACQUISITION did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times relevant to this matter, it was prohibited from attempting to collect on the CREDIT UNION obligation.

57.    As AXIOM ACQUISITION did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times prior to September 15, 2023, TSAROUHIS LAW was prohibited from attempting to collect on the CREDIT UNION obligation.

58.    As AXIOM ACQUISITION did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times prior to September 15, 2023, TSAROUHIS LAW was prohibited from attempting to collect on the CREDIT UNION, N.A. obligation.

59.    Defendants never disclosed to the Superior Court of New Jersey or to the Plaintiff that AXIOM ACQUISITION did not possess the appropriate license(s) before attempting to collect the CREDIT UNION obligation.

60.     As described herein, Defendants engaged in fraudulent misrepresentation in connection with their attempts to collect the CREDIT UNION obligation.

61.     In essence, the Defendants attempted to make Plaintiff believe that the attempts to collect the CREDIT UNION obligation were valid in order to trick Plaintiff into paying it.

62.     The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

63.     As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

64.     TSAROUHIS LAW knew or should have known that its actions violated the FDCPA.

65.     AXIOM ACQUISITION knew or should have known that its actions violated the FDCPA.

66.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

67.     It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

> (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

> (b)     Making a false representation of the character or amount of the debt;

    (c)     Threatening to take any action that cannot legally be taken; and

    (d)     Using unfair or unconscionable means to collect or attempt to collect any debt.

68.     Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of AXIOM ACQUISITION.

**COUNT I**
**FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §**
**1692 *et seq*. VIOLATIONS**

69.     Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

70.     Collection communications, such as those of Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

71.     Defendants' communications would cause the least sophisticated consumer to be confused about his or her rights.

72.     Defendants' communications would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

73.     Defendants' communications would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that AXIOM ACQUISITION had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

74.     A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

75.     Defendants' attempt to collect the alleged debt without first obtaining the license(s) and/or registrations necessary under New Jersey law violated various provisions of the FDCPA including but not limited to:   15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

76.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

77.     Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

78.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

79.     Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the CREDIT UNION obligation included an amount for interest and an amount for costs and/or fees.

80.     Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

81.     15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

82.     Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

83.     Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting interest under the New Jersey Consumer Finance Licensing Act.

84.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the CREDIT UNION obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

85.    Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were not registered with or authorized to do business in New Jersey.

86.    As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

87.    15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

88.    Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) and/or registration(s) necessary under New Jersey law.

89.    As described herein, Defendants violated 15 U.S.C. § 1692e(5).

90.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

91.    Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

92.    As described herein, Defendants violated 15 U.S.C. § 1692e(10).

93.    15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

94.    Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

95.    Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

96.     Defendant AXIOM ACQUISITION is vicariously liable for any violations of the FDCPA that TSAROUHIS LAW committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379 (3d Cir. 2000).

97.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

98.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

99.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

100.    Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

101.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

102.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION  PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding, other than one pending in the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, Docket No.: DC-007244-23.

Dated: April 19, 2024

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A

**TSAROUHIS LAW GROUP, LLC**
THERESA A. KENNEDY, ESQ.
NJ ID 033621986
21 S 9th Street
Allentown, PA 18102
610-628-2440
*Attorney for Plaintiff*

Our File # 232643.001

| | |
|---|---|
| Axiom Acquisition Ventures, LLC , as assignee of Pentagon Federal Credit Union<br><br>        Plaintiff<br>v.<br><br>Jung Yoo<br><br>        Defendant | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: SPECIAL CIVIL PART<br><br>MONMOUTH COUNTY<br><br>DOCKET NO.:<br><br>        CIVIL ACTION<br><br>**COMPLAINT (Contract)** |

Plaintiff, Axiom Acquisition Ventures, LLC , as assignee of Pentagon Federal Credit Union, by way of Complaint against the Defendant(s), Jung Yoo  says:

**COMPLAINT**

1.     The Plaintiff, Axiom Acquisition Ventures, LLC  as assignee of Pentagon Federal Credit Union, ("Plaintiff"), is a corporation duly organized by law and having a usual place of business at 12425 Race Track Road, Suite 100 , Tampa FL 33626.

2.     The original creditor was Pentagon Federal Credit Union, and the last four digits of the account number are *******7704. The current owner of the debt is Axiom Acquisition Ventures, LLC .

3.     Defendant, Jung Yoo , is an adult individual resident of New Jersey who maintains an address at 197 East Main Street,  Oceanport NJ 07757.

1

## COUNT I—BREACH OF CONTRACT

4.      Upon information and belief, the account is based on a written credit agreement entered into on 03/18/2022 between Defendant(s) and the original grantor; as provided to Plaintiff as the Agreement, attached as **Exhibit A**.

5.      Upon information and belief, Defendant(s) used or authorized the use of the account to obtain loans from the original credit grantor for the purpose of obtaining goods, and/or services and/or cash advances.

6.      Defendant(s) failed to make full payment of the amount owed on the account.

7.      The last payment date on the account was on 05/02/2022 in the amount of 255.85.

8.      The account shows that the Defendant(s) owe(s) a balance of $9960.94.  The account statement showing the balance due is attached as **Exhibit B.**

9.      The Plaintiff made demand upon the Defendant(s) for payment in full of the balance due to the Plaintiff.

10.      The Defendant(s) has failed, refused or neglected to fully pay the balance due to the Plaintiff.

11.      The Defendant(s) thus owes the Plaintiff the sum of $9960.94.

12.      Defendant's account was assigned to the Plaintiff through assignment. The Chain of Title from the original creditor to the current assignee is attached as **Exhibit C.**

2

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendant(s) as follows:

    a) Judgment in the amount of $9960.94 due on the account;

    b) Costs of suit; and

    c) Any other relief as the Court deems just and appropriate.

## COUNT II
### Alternative to Count I - Unjust Enrichment

13.    Plaintiff incorporates the allegations of every paragraph enumerated above this Complaint as if said paragraphs were fully set forth here at length.

14.    At Defendant(s)' request, Plaintiff conferred a benefit upon Defendant(s) by providing the loan described in the exhibits attached hereto.

15.    Defendant(s) received and accepted the benefits of said loan provided by Plaintiff.

16.    At all times material hereto, Defendant(s) was aware that Plaintiff was providing the aforesaid loan to Defendant(s) and that Plaintiff expected to be paid for such.

17.    At all times material hereto, Defendant(s), with the aforesaid knowledge, permitted Plaintiff to provide said loan and to incur damages.

18.    At all times material hereto, Defendant(s) was unjustly enriched by retaining the benefit of receiving money under said loan without paying Plaintiff fair and reasonable compensation.

19.    Allowing Defendant(s) to retain the benefit of said loan without paying fair compensation would be unjust.

20.    By reason of the aforesaid unjust enrichment of Defendant(s) at Plaintiff's expense, an implied contract exists between Plaintiff and Defendant(s), and Defendant(s) is obligated to pay

Plaintiff the *quantum meruit* value of the loan described in the exhibits attached hereto in the amount of $9960.94.

**WHEREFORE**, Plaintiff requests judgment in its favor and against Defendant(s) as follows:

    a)   Judgment in the amount of $9960.94 due on the account;

    b)   Costs of suit; and

    c)   Any other relief as the Court deems just and appropriate.

**CERTIFICATION OF NO OTHER ACTIONS AND REDACTION OF DOCUMENTS**

Pursuant to R. 4:5-1, I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

Date: August 15, 2023

TSAROUHIS LAW GROUP, LLC

By:    THERESA A. KENNEDY, ESQ.
       ATTORNEY FOR PLAINTIFF

4

# EXHIBIT A



**www.PenFed.org**
MAILING ADDRESS: P.O. BOX 1432,
ALEXANDRIA, VIRGINIA 22313-2032

**PENFED**
CREDIT UNION

**TRUTH IN LENDING DISCLOSURE**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 17.99 % | $ 5350.99   (E) | $ 10000 | $ 15350.99   (E) |

(E) = Estimate

DATE OF LOAN: 03/18/2022   MEMBER NUMBER:
PERSONAL LOAN   ACCOUNT NUMBER: ███████7704
Your Payment Schedule will be:

| Number of Payments: | Amount of Payment: | When Payments are due: | Beginning: |
|---|---|---|---|
| 59 | $255.85 | 2nd of the month | May 02, 2022 |
| 1 | $255.84 | 2nd of the month | Apr 02, 2027 |

You have the right to receive at this time an itemization of the Amount Financed.
☐ I want an itemization.

JUNG YOO

Collateral securing other loans with the credit union may also secure this loan.
Security: You are giving a security interest in your N/A automobile/property when marked here ☐

Property Description:

N/A

**LATE CHARGE:** If a payment is 5 days or more late, you will be charged a late charge of $29 for each late payment.
**PREPAYMENTS:** If you pay off early, you will not have to pay a penalty.
**CONTRACT DOCUMENTS:** See your contract documents for any additional information about non-payment, default and penalties.
**PENFED DEBT PROTECTION PLAN**
Purchase of the PenFed Debt Protection Plan is NOT required to obtain credit and will not be provided unless you complete and return the Plan application form(s), sign below and pay the fee. You may cancel the Plan at any time. Refer to your Plan Agreement for an explanation of how the Plan may be terminated.

| | |
|---|---|
| Life, Disability and Involuntary Unemployment: | $_____ |
| Life and Disability: | $_____ |
| Life Only: | $_____ |

X _____ Not Applicable _____
SIGN HERE FOR PENFED DEBT PROTECTION

**PROMISSORY NOTE**

In this Promissory Note the words "I", "me", "my" and "we" mean each person who signed the Note as maker, guarantor or borrower. The words "you" and "your" mean the Pentagon Federal Credit Union (PenFed) or any holder of this Note.
I promise to pay Pentagon Federal Credit Union the amount financed stated above on the terms and at the rate stated.
RESPONSIBILITY. This Promissory Note covers my loan with you. When I sign my name below I accept the terms of this loan. Anyone else who signs as maker, guarantor or borrower also accepts the terms of this loan and will be responsible the same way I am.
REPAYMENT. I will make payments to you as stated above, which will include the amount you loan me, finance charge and insurance, if applicable, until the full amount has been paid. I understand that payments by mail will be posted to my loan as of the day you receive them. Though I need pay only the amount of the fixed payments, I understand I have the right to repay my loan in full at any time and you will not charge any penalty for prepayment. I will pay finance charge only to the date I repay my loan. You or I can cancel this promissory note at any time before the loan is paid to me. You can accept late payments or partial payments or payments marked "paid in full" without losing any of your rights under this Note. You may disclose information to third parties, such as credit bureaus and merchants, about my account in order to advise such third parties of the existence or condition of my account.
ACH AUTHORIZATION. If I indicated on my loan application my intent to pay my loan by ACH transfer, I authorize PenFed to debit the financial institution as stated on my loan application for my loan payment on the payment due date as stated above. I may revoke this authorization, orally, by contacting PenFed at least 3 days prior to my scheduled payment date. DEBT PROTECTION PLAN. The purchase of the PenFed Debt Protection Plan ("Plan") is NOT required by me as a condition of approving my application or extending credit to me. If I do purchase this Plan, I may cancel it at any time by notifying you in writing. I understand I may rescind this Plan within 30 days after the date I receive the Plan Agreement. If I rescind, any fee paid will be credited to my loan. The terms of my Plan are governed by the Plan Agreement. If the Plan is added after the Date of the Loan, I agree that at PenFed's option, the Amount of Payment will change or the Number of Payments will increase. The total fee accrues on a daily basis and is deducted from my loan payments. If I fail to pay the fee, you can cancel the protection or, at your option, add the fee to my outstanding balance upon which it will accrue interest. Such addition may extend the term of my loan. I understand you can change the terms of the Plan, including the rates, at any time. If the terms do change, I will be provided prior notice and an opportunity to cancel my Agreement under the Plan before the change goes into effect. I understand that the Plan protects only me as the primary Member-Borrower against protected events while I am enrolled in the Plan. Co-borrowers, co-signers, guarantors, and non-borrower owners of collateral are not eligible for protection.
☐ Balloon payment/residual value. If an X shows in this box, my loan has a balloon payment which is due and payable as stated above in the box 'Amount of Payment'. This means my loan payments will not fully amortize the loan. My payment schedule and the balloon payment are based on the estimated residual value of the vehicle securing this loan as determined by PenFed. The residual value of the vehicle is an estimate only and may vary substantially from its actual value at the end of this loan.
FINANCE CHARGE CALCULATION. Finance Charges are calculated as follows: The ANNUAL PERCENTAGE RATE, as stated above, is divided by 365 (days). This figure is then divided by 100 to obtain a daily periodic rate. The daily periodic rate is multiplied by the loan balance. This is the daily finance charge. The daily finance charge is multiplied by the number of days since my last loan payment. This is the amount of FINANCE CHARGE, which will be deducted from my loan payment and the remaining amount will be applied to the loan balance, insurance or debt protection fees, and any other applicable fees. If I make payments prior to their due date, the FINANCE CHARGE will be less than stated above, since finance charge is applied on a daily basis. I understand payments made after the due date will increase the total amount of FINANCE CHARGES. I also understand my actual Total of Payments may be different than stated above since Finance Charge and optional Debt Protection, Mechanical Breakdown Insurance, and Guaranteed Asset Protection are accrued on a daily basis, which means the dates my payments are actually received and future and/or additional purchase(s) of insurance and/or protection will determine the total amount I actually pay. Finance Charges begin from the Date of Loan and continue until the loan is paid in full.
SECURITY/POWER OF ATTORNEY/CONSENT. IF NOTED ABOVE, THE PROPERTY DESCRIBED ABOVE SECURES THIS LOAN AND THE OWNER(S) SIGNING BELOW GIVES YOU A SECURITY INTEREST IN THAT PROPERTY, AND AGREES TO ABIDE BY THE ADDITIONAL TERMS AND PROVISIONS OF THE SECURITY AGREEMENT SET FORTH ON THE REVERSE SIDE, ALL OF WHICH ARE INCORPORATED INTO AND MADE A PART OF THIS PROMISSORY NOTE BY REFERENCE. To protect you, if I default on this loan, I pledge all my shares, deposits, payments and dividends which may be received, whether held jointly or individually, up to the amount of my loan balance. This does not include my Individual Retirement Account. You may take all shares needed by you to repay my loan. If it is necessary to take all my shares for the payment of this note I understand my membership in the credit union may end. I agree that PenFed has the right pursuant to its statutory lien and further, I give my express consent to enable PenFed to charge against any balance in any of my PenFed accounts, including accounts on which I am a joint owner, to include any otherwise statutorily protected funds that may not otherwise be available by legal process, to liquidate any PenFed indebtedness or other outstanding financial obligation owed by me or any person who is listed as a joint owner on any accounts, including a deceased joint owner. PenFed may take such action without further notice to me or any joint owner. In regard to those funds that have a statutory protection, I understand that I may withdraw my express consent for PenFed to apply such funds to pay any such indebtedness by notifying PenFed in writing. If my consent is withdrawn, PenFed may in its sole discretion terminate any and all services that I have with the credit union.
DEFAULT. I will be in default if I fail to pay any installment on time; if I become insolvent or file bankruptcy; if I die or become incompetent; if a judgment or tax lien is filed against me or an attachment or garnishment should be issued against any of my property including any of my accounts with you; if you in good faith consider yourself or my obligations or my ability to repay or perform my obligations with you unsafe or unsecure, or fail to live up to any of my other agreements with you. Subject to law, if I default on this note you can demand immediate payment of the remaining balance due on this note without giving anyone notice. You may also use any of your other legal rights. If my payment is 5 days or more late, I will be charged a late charge of $29 for each late payment. If my payment is not honored or you must return it to me because it could not be processed, a charge will be made to my account in the amount indicated for "Returned Payment Check" on your current schedule of service fees. Copies of the fee schedule are available by mail, at any branch office or online at www.PenFed.org. If you sue me because I default, I waive my right to be tried by a jury. (Continued on reverse)

| | |
|---|---|
| X Signed By [JUNG YOO signature] on 18 March 2022    JUNG YOO | X _____ Not Applicable _____ |
| Member-Borrower                    Sign Here | Owner of Collateral Other than Borrower(s)        Sign Here |
| | I agree that any ownership interest I have in the collateral described above is subject to the provision of the Security Agreement on the reverse. I have no responsibility for payment of this loan. |
| X _____ | |
| Joint-Borrower/Guarantor           Sign Here | Form 224 (06/20) © Pentagon Federal Credit Union, 2020 |

MILITARY LENDING ACT. Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for a specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account). For more information, please contact PenFed at 1-800-247-5626.

COLLECTION COSTS. If I am in default under this note, I agree to pay all costs of collection, including your reasonable attorney's fees and court costs, to the extent not prohibited by applicable law.

GUARANTORS. If I am signing the note as a guarantor, I agree to be equally responsible with the borrower. You do not have to notify me that this note has not been paid. You can change the terms of payment and release any security without releasing me from responsibility on this note.

DELAY IN ENFORCEMENT. You can delay enforcing any of your rights under this note without losing them.

ADDITIONS/DELETION. No change, addition, erasure, deletion or cross through of any printed portion of this document shall be valid or binding on PenFed.

RECEIPT. I have received a copy of this disclosure and note.

## SECURITY AGREEMENT (FINANCING STATEMENT) If collateral is pledged please read.

In this Security Agreement the words, "I", "me", "my", and "we" mean each person who signed the Promissory Note and addendum if applicable, as borrower, joint borrower/guarantor or owner of collateral other than borrower, even if one or more of the signers is not contractually responsible for repayment of the Promissory Note on the reverse side. "You" and "your" mean PenFed or any holder of the said Promissory Note.

SECURITY INTEREST. I give you a security interest in my property which is described on the reverse side of this Security Agreement. By granting you a Security Interest in this property I provide you with security for payment and performance of my duty to you which is described in the Promissory Note on the front.

COLLATERAL. Any of my property covered by your security interest is called "collateral." Any additions and replacements to the property, or any money or property from the sale of the property are also part of the collateral. The collateral is used primarily for personal/business, family or household purpose. I ___ am ___ am not using money you are lending me to buy the collateral. If I am using the money you are lending me to buy the collateral, you will have what is called a "purchase money security interest" in the collateral. This will give you more protection against others who might claim the collateral is theirs. You may pay the proceeds of this note directly to the seller of the collateral or jointly to me and the seller.

SECURITY FOR OTHER OBLIGATIONS. Except as to any collateral I use as my principal dwelling, the security interest created by this Security Agreement and Promissory Note shall also secure all of my other indebtedness, obligations, and liabilities to you, now existing or hereafter arising, including future advances, if any. If I have given you a Security Interest in any personal property used or purchased with the loan proceeds under this Promissory Note/Security Agreement for use as my principal dwelling (such as a mobile home or boat), this confirms that you have waived your security interest in such principal dwelling with respect to all existing and subsequent debts I may owe you or transactions I may subsequently enter into with you. Funds pledged for a Share Secured loan will be placed on hold in the Share account as collateral against the loan and may not be withdrawn until the loan is paid in full.

OWNERSHIP AND PROTECTION OF RIGHTS IN COLLATERAL. I own the collateral and no one else has any interest in it or claim against it. I agree not to sell, lease, or convey it as security to anyone else until I have obtained your written permission to do so or have repaid the loan in full. I agree to help you do all that is necessary to protect your security interest in the collateral. As such, I agree to apply for and provide you with a Certificate of Title or any other document constituting proof of ownership of the collateral and your interest in it. I further agree to furnish you with such information and execute and deliver such documents and take any and all action necessary and appropriate to establish, perfect and maintain your valid and prior security interest and lien in the collateral. I will be responsible for the cost of recordation. IF I FAIL TO TAKE THE ACTIONS I HAVE AGREED TO IN THIS SECTION WITHIN 90 DAYS OF THE DATE OF THE LOAN, I SHALL BE IN DEFAULT AND IN ADDITION TO THE REMEDIES OTHERWISE AVAILABLE TO YOU, I AGREE THAT YOU MAY, AT YOUR OPTION, INCREASE THE ANNUAL PERCENTAGE RATE I PAY ON THE LOAN TO THE HIGHEST RATE THEN IN EFFECT ON YOUR CLOSED END UNSECURED LOANS. THIS WILL INCREASE THE MONTHLY PAYMENT DUE ON THE LOAN.

If the security for this loan is an automobile which was purchased outside of the U.S. and the vehicle is later shipped to the U.S., it will meet U.S. specifications and I agree to title the vehicle with the appropriate state agency and have PenFed registered as lienholder on the title.

I understand and agree that if I use a Share Certificate as collateral, I cannot withdraw any dividends from the Share Certificate. If approved by PenFed, I can use 95% of the unencumbered principal amount of each share certificate as collateral for a loan.

USE OF THE COLLATERAL. While any part of my loan is unpaid, I promise: to use the collateral carefully and keep it in good repair; to obtain your written permission before making any major alteration; to notify you before changing my address or the address where the collateral is kept; to help you protect the rights I have given you; not to use or permit anyone to use the collateral for any unlawful purposes; to permit you to inspect the collateral at reasonable times.

PROPERTY INSURANCE AND TAXES. I will keep the collateral insured for its full value against loss and damage with an insurance company that you accept. The policies must say that you are to be paid what you are owed if there is a loss. I will deliver the policies to you, if you request. If the collateral is lost or damaged, you can use the insurance proceeds to replace or repair it, or to repay any amounts I owe you. I will pay all taxes and fees on the collateral. You can pay any tax or fee if I don't (although you do not have to). If you do pay for insurance, taxes or fees, I will repay you with interest at the rate stated on the reverse side.

Unless I provide you with evidence of insurance coverage required by my Promissory Note/Security Agreement with you, you may purchase limited comprehensive and collision insurance at my expense to protect your interest in my collateral. This insurance may, but need not, also protect my interest. If the collateral becomes damaged, the coverage that you purchase may not pay any claim that we make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by you, but only after providing you with the evidence that I have obtained acceptable insurance coverage elsewhere as required by my Promissory Note/Security Agreement with you. If you purchase insurance for the collateral I will be responsible for the costs of that insurance, including the insurance premium, finance charges and any other charges, including tracking and administrative costs and commissions you may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The effective date of coverage may be the date my prior coverage lapsed or the date I failed to provide proof of acceptable insurance. The costs of the insurance, and finance charges thereon, will be added to my total outstanding balance and the number and/or amount of my periodic payments will be increased to cover such premium charges. If the cost of the insurance or any other changes imposed in connection with the placement of the insurance are added to my outstanding balance, the finance charge on my underlying promissory note/security agreement with you will apply to these added amounts. The costs of this insurance may be considerably more than the cost of insurance I may be able to obtain on my own. The coverage will not be liability insurance and will not satisfy any need for the property damage liability coverage or my obligations under any state's mandatory liability, financial responsibility or no fault laws. A claim settlement will never exceed the lesser of (a) the net amount I owe on this loan (b) the actual cash value of the collateral at the time of loss (unless this loan settlement limit is deleted by loss settlement without actual cash value coverage), (c) the cost of repair or replacement of the collateral, or (d) the maximum limit of coverage.

ENTIRE BALANCE DUE. I agree that without giving me any advance notice, you can require me to pay the unpaid balance of my loan at once if I break any promise made under this Security Agreement or am in default of this Promissory Note or Security Agreement.

DEFAULT AND REPOSSESSION. I will be in default if I don't make a payment when due; if I break any promise I have made to you or do not fulfill the terms and conditions in this Agreement; if I become insolvent or file bankruptcy; if a lien is put on the collateral without your permission, or if the collateral is confiscated; if the collateral is misused, or in danger of losing too much value; if I do anything that reduces my ability or willingness to repay; if I die or become incompetent; if my insurance is canceled; if a judgment or tax lien is filed against me or an attachment or garnishment should be issued against any of my property including any of my accounts with you; if you in good faith consider yourself or my obligations or my ability to repay or perform my obligations with you unsafe or unsecure.

POWER OF ATTORNEY. I appoint PenFed's Assistant Treasurer or other signatory duly employed and authorized by PenFed attorney-in-fact to do all acts and things which PenFed may deem necessary to perfect and continue the perfected security interest created by this Security Agreement and to protect the collateral and to request a duplicate title.

POWER OF ATTORNEY TO SIGN FOR OWNER WHEN REGISTERING AND/OR TRANSFERRING OWNERSHIP OF A MOTOR VEHICLE. I, being the owner of the motor vehicle described in this Promissory Note/Security Agreement appoint Pentagon Federal Credit Union or other signatory duly employed and authorized by PenFed attorney-in-fact to sign my name to any Certificate of Title, or other supporting papers, covering the motor vehicle, in any manner necessary to register and/or transfer ownership of the motor vehicle; additionally I appoint Pentagon Federal Credit Union or other signatory duly employed and authorized by PenFed as attorney-in-fact to perform any other acts necessary to register or transfer title to the vehicle described in this Security Agreement; or to request and receive a certified title or other similar document for this vehicle.

MONEY ADVANCED. If I fail to do anything I have promised to do in this agreement, you may do it and any money spent for this purpose shall be added to my loan with interest at the rate stated on the reverse side.

TAKING POSSESSION OF THE COLLATERAL. If I am in default you can take the collateral. I will deliver the collateral to you at a time and place you choose. If I don't or if you wish, you can take the collateral without giving me advance notice. If you take the collateral, you will not be responsible for any of my property that is not covered by this agreement that I leave inside the collateral, but you will try to return it to me. After you have taken the collateral, you can sell it and apply the proceeds to the unpaid balance of my loan. You will give me at least 10 days notice of any public sale or the date after which you will be free to have a private sale. I will have to pay the costs you incur in taking and selling the collateral, court costs and reasonable attorney's fees. If the money from the sale is not enough to pay you the unpaid balance of the loan and any interest I owe you, and to reimburse you for these expenses, I still will have to pay the difference. I am entitled to any money left over if the money from the sale is more than I owe. You also have all the rights and remedies regarding taking possession, keeping and sale of the collateral and use of the money as are permitted by the Uniform Commercial Code. Louisiana law permits repossession of motor vehicles without judicial process.

FINANCING STATEMENT. You are authorized to file financing statements as required and I will pay the cost.

NO WAIVER. Because you excuse one default by me does not mean later defaults will be excused.

EFFECTIVE DATE. This Security Agreement becomes effective on the date shown on the front side and when signed by me.

I have read this agreement and received a copy. I understand it contains all my rights and responsibilities. No oral statements can change it. All changes must be approved by you in writing. My heirs and legal representatives will also be responsible under this agreement.

## PENTAGON FEDERAL CREDIT UNION

By: _____
Authorized Signature

# EXHIBIT B

Transaction History - ████████7704

| Effective Date | Description | Amount | Balance |
|---|---|---|---|
| 01/16/2023 | CYCLE STMT | $0.00 | $9,960.94 |
| 12/22/2022 | COFF CHKPT | $0.00 | $9,960.94 |
| 12/22/2022 | LOAN CHARGE-OFF | $11,105.34 | $9,960.94 |
| 12/22/2022 | LOAN PAYMENT | $5.00 | $9,960.94 |
| 12/07/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 11/07/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 10/29/2022 | CHECKPOINT | $0.00 | $9,965.94 |
| 10/15/2022 | CYCLE STMT | $0.00 | $9,965.94 |
| 10/07/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 09/07/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 08/29/2022 | CHECKPOINT | $0.00 | $9,965.94 |
| 08/08/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 07/16/2022 | CYCLE STMT | $0.00 | $9,965.94 |
| 07/07/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 06/29/2022 | CHECKPOINT | $0.00 | $9,965.94 |
| 06/18/2022 | DLQ PAYMENT FROM SHARES | $5.00 | $9,965.94 |
| 06/07/2022 | LATE PAYMENT CHARGE | $29.00 | $9,965.94 |
| 05/02/2022 | JPMORGAN CHASE BANK NA 932552826 | $255.85 | $9,965.94 |
| 04/29/2022 | CHECKPOINT | $0.00 | $10,000.00 |
| 04/16/2022 | CYCLE STMT | $0.00 | $10,000.00 |
| 03/18/2022 | DISBURSED BY CHECK | $10,000.00 | $10,000.00 |
| 03/18/2022 | CHECKPOINT | $0.00 | $0.00 |

# EXHIBIT C

DocuSign Envelope ID: 67CDDC6D-0E24-4AB5-80DC-0D63E18B9323

BILL OF SALE

For value received and in further consideration of the mutual covenants and conditions set forth in the Forward Flow Account Purchase Agreement (the "Agreement") dated August 26, 2019 by and between Pentagon Federal Credit Union ("Seller") and Axiom Acquisition Ventures, LLC ("Buyer"), Seller hereby transfers, sells, conveys, grants, and delivers to Buyer, its successors and assigns, without recourse except as set forth in the Agreement, to the extent of its ownership, the Accounts as set forth in the Account Schedule attached hereto as Exhibit I delivered by Seller to Buyer on each Closing Date, and as further described in the Agreement.

Lot Number:                          Lot 23-115

Aggregate Unpaid Balance:    ████████████

Number of Accounts:             ██████

DATED:  January 27, 2023

SELLER: Pentagon Federal Credit Union

By: *Sandilya Hota*
    ─────────────────────────────
    3CF9EAB2900E453...

Name (print):  Sandilya Hota
             ─────────────────────────────

Title:  Vice President, Capital Markets
       ─────────────────────────────

| LotNo | DueDil Acct ID | AcctNo | Loan AcctNo | Member No | FirstName | MI | LastName | Suffix |
|-------|----------------|--------|-------------|-----------|-----------|-----|----------|--------|
| Lot23-115 | 606 | ████7704 | ████7704 | 7504053 | JUNG | | YOO | |

State

City

Address 2

Address 1

SSN

**DOB** ▮

**WorkPh**

**CellPh** ▮

**HomePh**

**Country Code**

**Zip** ▮

**Employer**

**Alt_email**

**Home_email**
JUNG_K_YOO@YAHOO.COM

Co_Address 2    Co_City

Co_Address 1

Co_Suffix    Co_SSN

Co_LastName

Co_FirstName    Co_MI

Co_Home_email

Co_DOB

Co_WorkPh

Co_CellPh

Co_HomePh

Co_Country Code

Co_State  Co_Zip

| Co_Alt_email | Co_Employer | Current Balance | Charge-off Principal | Charge Off Amt | Charge-off Date |
|---|---|---|---|---|---|
| | | 9,960.94 | 9,960.94 | 9,960.94 | 12/22/2022 |
| | | **$9,960.94** | | | |

| Loan Open Date | Loan Amount | Loan Term | Regular Scheduled Payment | FICO at origination | Interest rate | Loan Type | Loan Status |
|---|---|---|---|---|---|---|---|
| 3/18/2022 | 10,000.00 | 60 | 255.85 | | 17.99 | SIG | C-O |

| Total payment Post Charge Off | Last Payment Amount | Last Payment Date | Agency Assigned (Y/N) | Recalled from Coll Agency |
|---|---|---|---|---|
| 0 | 255.85 | 5/2/2022 | N | |

| Collector Code | Collector Code Description | Merger Name | Merger Date | Merger Prom Note Y/N |
|---|---|---|---|---|

| | |
|---|---|
| Court's Address and Phone Number:<br>Monmouth         Special Civil Part<br>71 Monument Park<br>P.O. Box 1270<br>Freehold, NJ 07728-1270<br>Telephone No.  (732) 358-8700 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>Monmouth         County<br>Docket No: DC _____<br><br>**Civil Action**<br>**Summons**<br><br>Check one      ■ Contract<br>                       ☐ Tort |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)** | **Person or Business Being Sued (*Defendant*)** |
|---|---|
| Axiom Acquisition Ventures, LLC a/a/o<br>Pentagon Federal Credit Union<br><br>(See the following page(s) for additional plaintiffs) | Jung Yoo<br>197 East Main Street<br>Oceanport NJ 07757<br><br>(See the following page(s) for additional defendants) |
| **Plaintiff's Attorney Information** | **The Person or Business Suing You Claims You Owe the Following:** |
| Theresa A. Kennedy, Esq.<br>Tsarouhis Law Group, LLC<br>21 S 9th Street<br>Allentown, PA 18102 | |

| | | |
|---|---|---|
| Demand Amount | $ | 9,960.94 |
| Filing Fee | $ | 75.00 |
| Service Fee | $ | 7.00 |
| Attorney's Fees | $ | 0.00 |
| **TOTAL** | $ | 10,042.94 |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court their version of the facts of the case and how much money he or she claims you owe.  **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs.  You have 35 days from the date of service to file your answer or a signed agreement.**  If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment.  The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE _____, OR THE COURT MAY RULE AGAINST YOU.**

Revised Effective 07/01/2022, CN 10541                                          page 14 of 18
Revised 07/01/2022, CN 11808, Appendix XI-A(1)
Revisado en 01 de julio de 2022, CN 11808-Spanish, Apéndice XI-A(1)        página 14 de 18

**IF YOU <u>DISAGREE</u> WITH THE PLAINTIFF, YOU MUST DO <u>ONE OR BOTH</u> OF THE FOLLOWING:**

1. ***Answer the complaint***.  An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov.  If you decide to file an answer to the complaint made against you:

- Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***.  Include ***DC*** _____ (your Docket Number) on the check.
- Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
- Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney.  If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail.  This MUST be done at the same time you file your Answer with the court on or before _____.

2. ***Resolve the dispute.***  Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute.  The plaintiff may agree to accept payment arrangements.  If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before _____.

**Please Note - You may wish to get an attorney to represent you.**  If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at _____.  If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at _____.  Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Name    /s/ Michelle M. Smith _____
Clerk of the Superior Court

Revised Effective 07/01/2022, CN 10541                                              page 15 of 18
Revised 07/01/2022, CN 11808, Appendix XI-A(1)
Revisado en 01 de julio de 2022, CN 11808-Spanish, Apéndice XI-A(1)                página 15 de 18



| Dirección y teléfono del tribunal: | El Tribunal Superior de Nueva Jersey |
|---|---|
| Parte Civil Especial de <u>Monmouth</u> | **División de Derecho, Parte Civil Especial** |
| 71 Monument Park | Condado de <u>Monmouth</u> |
| P.O. Box 1270 | Número del expediente: DC <u>_____</u> |
| Freehold, NJ 07728-1270 | |
| Número de teléfono: <u>(732) 358-8700</u> | **Demanda de Acción Civil** <br> **Notificación de Demanda** <br><br> **Marque si es**   ■ **Contrato** <br> ☐ **Ilícito Civil** |

| ¡LE ESTÁN DEMANDANDO! ||
|---|---|
| <u>**Persona o entidad comercial que le está demandando**</u> *(el demandante)* | <u>**Persona o entidad comercial que está siendo demandada**</u> *(el demandado)* |
| El Demandante: Consigne la información al dorso. <br> (Vea en la(s) página(s) siguiente(s) los demandantes adicionales) | El Demandante: Consigne la información al dorso. <br> (Vea en la(s) página(s) siguiente(s) los demandados adicionales) |
| <u>**Información sobre el abogado del demandante**</u> | **La persona o entidad comercial que le está demandando afirma que usted le debe lo siguiente:** |
| El Demandante: Consigne al dorso la información sobre el abogado del demandante. | Cantidad a la vista $XXXXXXX <br> Tasa judicial $XXXXXXX <br> Cargo del emplazamiento $XXXXXXX <br> Honorarios del abogado $XXXXXXX |
| | **TOTAL** $XXXXXXX |

**PARA USO EXCLUSIVO DEL PODER JUDICIAL**

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda, puede perder la causa automáticamente y el juez puede dar al demandante lo que pudo pedir dándo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL _____, O ANTES DE ESA**

**FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA.  SI USTED <u>NO</u> ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER <u>UNA</u> DE LAS SIGUIENTES COSAS <u>O LAS DOS</u>:**

1. ***Responder a la demanda***.  Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov.  Si usted decide presentar una respuesta a la demanda que se hizo en su contra:

   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "***Treasurer, State of New Jersey***" (Tesorero del Estado de Nueva Jersey).  Incluya el número ***DC*** _____ (el número de su expediente) en el cheque.

   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.

   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante.  Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado.  Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el _____.

2. ***Resolver la disputa.***  Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa.  El demandante puede estar de acuerdo con aceptar arreglos de pago.  **Si llegara a un acuerdo, envíe por correo el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, **o entréguelo personalmente** en dicha dirección a más tardar el _____.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.**  Si usted no puede pagar un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al _____.  Si usted puede pagar un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al _____.  Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

/s/ Nombre y apellido /s/ Michelle M. Smith _____

Secretario del Tribunal Superior

Revised Effective 07/01/2022, CN 10541                                                          page 17 of 18
Revised 07/01/2022, CN 11808, Appendix XI-A(1)
Revisado en 01 de julio de 2022, CN 11808-Spanish, Apéndice XI-A(1)          página 17 de 18

Court's Address and Phone Number:

Monmouth _____ Special Civil Part

71 Monument Park

P.O. Box 1270

Freehold, NJ 07728-1270

**Superior Court of New Jersey**
**Law Division, Special Civil Part**

Monmouth _____ County

Docket No: DC _____

**Civil Action**
**Summons**

**Check one**   ■ **Contract**
☐ **Tort**

**Additional Plaintiffs/demandantes adicionales**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Additional Defendants/demandados adicionales**

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Revised Effective 07/01/2022, CN 10541                                              page 18 of 18
Revised 07/01/2022, CN 11808, Appendix XI-A(1)
Revisado en 01 de julio de 2022, CN 11808-Spanish, Apéndice XI-A(1)                página 18 de 18



| | |
|---|---|
| Court's Address and Phone Number:<br>MONMOUTH Special Civil Part<br>71 MONUMENT PARK, P.O. BOX 1270<br>FREEHOLD, NJ 07728-1270<br><br>732-358-8700 ext.87905 | **Superior Court of New Jersey**<br>**Law Division, Special Civil Part**<br>**MONMOUTH** County<br>Docket No: **MON-DC-007244-23**<br>**Civil Action**<br>CONTRACT DISPUTE |

## YOU ARE BEING SUED!

| **Person or Business Suing You (*Plaintiff*)**<br>Axiom Acquisition Ventures, LLC as assignee of Pentagon Federal Credit Union | **Person or Business Being Sued (*Defendant*)**<br>Jung Yoo |
|---|---|
| **Plaintiff's Attorney Information**<br>THERESA A KENNEDY<br>THERESA A. KENNEDY<br>PO BOX 74<br>STEWARTSVILLE, NJ 08886-0000<br>908-239-6205 | **The Person or Business Suing You Claims You Owe the Following:** |

| | |
|---|---:|
| Demand Amount | $9960.94 |
| Filing Fee | $75.00 |
| Service Fee | $7.00 |
| Attorney's Fees | $0.00 |
| **TOTAL** | **$10042.94** |

### FOR JUDICIARY USE ONLY

In the attached complaint, the person or business suing you briefly tells the court his or her version of the facts of the case and how much money he or she claims you owe. **If you do not answer the complaint, you may lose the case automatically and the court may give the plaintiff what the plaintiff is asking for, plus interest and court costs. You have 35 days from the date of service to file your answer or a signed agreement.** If a judgment is entered against you, a Special Civil Part Officer may seize your money, wages or personal property to pay all or part of the judgment. The judgment is valid for 20 years.

**IF YOU DISAGREE WITH THE PLAINTIFF'S CLAIMS, A WRITTEN ANSWER OR SIGNED AGREEMENT MUST BE RECEIVED BY THE COURT ABOVE, ON OR BEFORE 10/30/2023, OR THE COURT MAY RULE AGAINST YOU. IF YOU DISAGREE WITH THE PLAINTIFF, YOU MUST DO ONE OR BOTH OF THE FOLLOWING:**

1. ***Answer the complaint***. An answer form that will explain how to respond to the complaint is available at any of the New Jersey Special Civil Part Offices or on the Judiciary's Internet site njcourts.gov under the section for Forms. If you decide to file an answer to the complaint made against you:
   - Fill out the Answer form AND pay the applicable filing fee by check or money order payable to: ***Treasurer, State of New Jersey***. Include **MON-DC-007244-23** (your Docket Number) on the check.
   - Mail or hand deliver the completed Answer form and the check or money order to the court's address listed above.
   - Hand deliver or send by regular mail a copy of the completed Answer form to the plaintiff's attorney. If the plaintiff does not have an attorney, send your completed answer form to the plaintiff by regular and certified mail. This MUST be done at the same time you file your Answer with the court on or before **10/30/2023**.

2. ***Resolve the dispute.*** Contact the plaintiff's attorney, or contact the plaintiff if the plaintiff does not have an attorney, to resolve this dispute. The plaintiff may agree to accept payment arrangements. If you reach an agreement, mail or hand deliver the **SIGNED** agreement to the court's address listed above on or before **10/30/2023**.

**Please Note - You may wish to get an attorney to represent you.** If you cannot afford to pay for an attorney, free legal advice may be available by contacting Legal Services at 732-866-0020. If you can afford to pay an attorney but do not know one, you may call the Lawyer Referral Services of your local County Bar Association at 732-431-5544. Notify the court now if you need an interpreter or an accommodation for a disability for any future court appearance.

/s/ Michelle M. Smith

Clerk of the Superior Court



| Dirección y teléfono del tribunal<br>Parte Civil Especial de MONMOUTH<br>71 MONUMENT PARK, P.O. BOX 1270<br>FREEHOLD, NJ 07728-1270<br>732-358-8700 ext.87905 | **El Tribunal Superior de Nueva Jersey**<br>**División de Derecho, Parte Civil Especial**<br>Condado de **MONMOUTH**<br>Número del expediente **MON-DC-007244-23**<br>**Demanda de Acción Civil**<br>NOTIFICACIÓN DE DEMANDA<br>CONTRACT DISPUTE |
|---|---|

## ¡LE ESTÁN DEMANDANDO!

| **Persona o entidad comercial que le está demandando** *(el demandante)*<br>Axiom Acquisition Ventures, LLC as assignee of Pentagon Federal Credit Union<br><br>**Información sobre el abogado del demandante**<br>THERESA A KENNEDY<br>THERESA A. KENNEDY<br>PO BOX 74<br>STEWARTSVILLE, NJ 08886-0000<br>908-239-6205 | **Persona o comercial ser demandada** *(el demandado)*<br>Jung Yoo |
|---|---|

**Persona o comercial ser demandada** *(el demandado)*
Jung Yoo

**La persona o comercial que le está demandando afirma que usted le debe lo siguiente:**

| | |
|---|---:|
| Cantidad a la vista | $9960.94 |
| Tasa judicial | $75.00 |
| Cargo del emplazamiento | $7.00 |
| Honorarios del abogado | $0.00 |
| **TOTAL** | **$10042.94** |

### PARA USO EXCLUSIVO DEL PODER JUDICIAL

En la demanda adjunta la persona o entidad comercial que le está demandando le informa brevemente al juez su versión de los hechos de la causa y la suma de dinero que afirma que usted le debe. **Si usted no responde a la demanda puede perder la causa automáticamente y el juez puede dar al demandante lo que está pidiendo más intereses y los costos legales. Usted tiene 35 días a partir de la fecha del emplazamiento para presentar su respuesta o un acuerdo firmado.** Si se dicta un fallo en su contra, un Oficial de la Parte Civil Especial puede embargar su dinero, sueldo o sus bienes muebles (personales) para pagar todo el fallo o una parte del mismo. El fallo es válido por 20 años.

**SI USTED NO ESTÁ DE ACUERDO CON LAS ALEGACIONES DEL DEMANDANTE, EL TRIBUNAL TIENE QUE RECIBIR UNA RESPUESTA POR ESCRITO O UN ACUERDO FIRMADO PARA EL 10/30/2023 O ANTES DE ESA FECHA, O EL JUEZ PUEDE EMITIR UN FALLO EN SU CONTRA. SI USTED <u>NO ESTÁ DE ACUERDO</u> CON EL DEMANDANTE, DEBE HACER <u>UNA</u> DE LAS SIGUIENTES COSAS <u>O LAS DOS</u>:**

1. *Responder a la demanda*. Un formulario de respuesta que le explicará cómo responder a la demanda está disponible en cualquiera de las Oficinas de la Parte Civil Especial de Nueva Jersey o en el sitio Internet del Poder Judicial njcourts.gov bajo la sección de formularios (Forms). Si usted decide presentar una respuesta a la demanda que se hizo en su contra:
   - Llene el formulario de Respuesta Y pague la tasa judicial de presentación que corresponda mediante un cheque o giro bancario o postal acreditable al: "***Treasurer, State of New Jersey*** " (Tesorero del Estado de Nueva Jersey). Incluya **MON-DC-007244-23** (el número de su expediente) en el cheque.
   - Envíe por correo el formulario de Repuesta llenado y el cheque o giro bancario o postal a la dirección del tribunal que figura más arriba, o entréguelos personalmente en dicha dirección.
   - Entregue personalmente o envíe por correo común una copia del formulario de Repuesta llenado al abogado del demandante. Si el demandante no tiene abogado, envíe su formulario de respuesta llenado al demandante por correo común y por correo certificado. Esto SE TIENE que hacer al mismo tiempo que presente su Respuesta al tribunal a más tardar el <u>10/30/2023</u>.

2. *Resolver la disputa.* Comuníquese con el abogado del demandante, o con el demandante si éste no tiene abogado, para resolver esta disputa. El demandante puede estar de acuerdo con aceptar arreglos de pago. **Si llegara a un acuerdo, envíe por correo o entregar personalmente el acuerdo FIRMADO** a la dirección del tribunal que figura más arriba, o entréguelo personalmente en dicha dirección a más tardar el <u>10/30/2023</u>.

**Nota - Puede que usted quiera conseguir que un abogado para que lo represente.** Si usted no puede pagar a un abogado, podría obtener consejos legales gratuitos si se comunica con Legal Services (Servicios Legales) llamando al 732-866-0020. Si usted puede pagar a un abogado, pero no conoce a ninguno, puede llamar al Lawyer Referral Services (Servicios de Recomendación de Abogados) del Colegio de Abogados (Bar Association) de su condado local al 732-431-5544. Notifique al tribunal ahora si usted necesita un intérprete o un arreglo por una discapacidad para cualquier comparecencia futura en el tribunal.

**/s/ Michelle M. Smith**

Subsecretario(a) del Tribunal Superior