**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JUNG YOO, on behalf of himself and all others similarly situated, | Civil Action No.  3:24-cv-05350 |
| Plaintiffs, | |
| v. | |
| TSAROUHIS LAW GROUP, LLC; AXIOM ACQUISITION VENTURES, LLC; | |
| Defendants. | |

**CLASS ACTION SETTLEMENT AGREEMENT**

The Parties enter into the following Class Action Settlement Agreement and Release ("Agreement" or "Settlement Agreement") as of August 30, 2024.  This Settlement Agreement is entered into by and among JUNG YOO ("Plaintiff"), in his individual capacity and on behalf of the class described in this Agreement, and TSAROUHIS LAW GROUP, LLC ("Tsarouhis Law"); and, AXIOM ACQUISITION VENTURES, LLC ("Axiom"), the named Defendants in this action (collectively "Defendants"), who collectively shall be the "Settling Parties," as more fully defined below.  This Settlement Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle on behalf of the entire class the Released Claims, as defined herein, upon and subject to the approval of the Court and the terms and conditions herein.

**RECITALS**

WHEREAS, on or about March 18, 2022, Plaintiff entered into a Personal Loan (the "Loan") with Penfed Credit Union [ECF No. 1 at Ex. A], and

WHEREAS, on or about January 27, 2023, the Loan was assigned to Axiom [ECF No. 1

at Ex. C], and

WHEREAS, on or about August 15, 2023, Tsarouhis Law filed a lawsuit on behalf of Axiom against Plaintiff in the Superior Court of New Jersey Law Division to collect on the Loan [ECF No. 1 at Ex. A], and

WHEREAS, the Plaintiff's Class Action Complaint (the "Complaint") filed on May 19, 2024 in the United States District Court for the District of New Jersey alleges that the Defendants transmitted communications to various Persons that were in violation of the Fair Debt Collection Practices Act [ECF No. 1],

WHEREAS, on May 29, 2024 Defendants moved to dismiss the Complaint [ECF No. 5]; and

WHEREAS, the Complaint seeks money damages, attorneys' fees and other relief; and

WHEREAS, Class Counsel has conducted an investigation into the facts and law related to the Action, engaged in informal discovery directed towards Defendants, and analyzed and evaluated the merits of the Parties' contentions and how this Agreement will impact all parties, including Plaintiff and the members of the putative class, and

WHEREAS, Class Counsel believe that they would ultimately prevail on claims asserted in the Complaint, but deem the proposed settlement with Defendants as set forth herein to be in the best interests of the Class. Defendants have denied liability, raised defenses to the allegations in the Complaint and maintain that they would ultimately prevail in this action, but also agree that settlement set forth below is in its best interests as well; and

WHEREAS, the Court has not ruled on any substantive contentions as to the validity of the claims asserted in the Complaint or as to the liability or non-liability of the Defendants, nor has the Court expressed an opinion with respect thereto, nor do the parties to this Agreement make any

admissions or concessions on these substantive issues; and

WHEREAS, the Settling Parties have concluded that it is desirable for the Class Action to be settled to avoid further inconvenience, delay, and to dispose of potentially burdensome and protracted litigation and to put to rest all claims that have been or might be asserted by the Class Members arising out of or related to or which in any way grow out of the subject matter of the Complaint; and

WHEREAS, the Settling Parties have engaged in extensive arms-length settlement negotiations, and have determined that the terms of this Settlement Agreement constitute a fair and reasonable compromise of the claims and defenses of all Settling Parties; and

WHEREAS, in consideration of the foregoing and other good and valuable consideration, it is stipulated and agreed by and between Plaintiff, in his individual and representative capacity, and Defendants that the claims for relief against Defendants shall be settled and compromised through an Order entered by the Court which incorporates and references the following provisions.

## **DEFINITIONS**

As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

1.    Accessible Contact Information.    "Accessible Contact Information" means the names and addresses of Class Members as presently contained in the records of the Defendants.

2.    Action. "Action" means the above-captioned action currently pending in the United States District Court for the District of New Jersey.

3.    Parties.  The Parties to this Class Action Settlement Agreement and Release are Plaintiff, on behalf of himself, and a class of persons similarly situated (collectively "Plaintiffs" or "Class Members") and Defendants.

4.    <u>Attorneys' Fees</u>.  "Attorneys' Fees" means reasonable attorneys' fees, costs of litigation, and expenses, which has been agreed upon by the Parties as set forth further herein.  This amount is inclusive of the fees and expenses incurred by Class Counsel to answer any questions from the Class Members that contact Class Counsel up to and through the distribution of the settlement proceeds following final approval of the settlement. "Attorneys' Fees" does not include the Class Representatives' payments or Settlement Administration Costs and Expenses. "Attorneys' Fees" are not taken from any award paid to the Class.  There shall be no further application for "Attorney Fees" except for those "Attorneys' Fees" agreed to herein.

5.    <u>Class Counsel</u>.  "Class Counsel" means counsel for the Class Representatives and the Class Members:

> Joseph K. Jones, Esq. and Benjamin J. Wolf, Esq.
> JONES, WOLF & KAPASI, LLC
> 375 Passaic Avenue, Suite 100
> Fairfield, New Jersey 07004
> (973) 227 5900

Class Counsel represent that they are the only attorneys entitled to receive a fee for services rendered to the Class Representatives and Class Members.

6.    <u>Class Members</u>.  "Class Members" shall mean Persons defined in the following manner, including the Person's heirs, successors and assigns:

> All New Jersey consumers who TSAROUHIS LAW on behalf of AXIOM ACQUISITION, between April 19, 2023 and April 19, 2024, collected or attempted to collect a debt, which included interest.

7.    <u>Class Representative</u>. "Class Representative" means JUNG YOO.

8.    <u>Complaint</u>. "Complaint" means the Class Action Complaint, filed on May 19, 2024 in the United States District Court for the District of New Jersey, 3:24-cv-05350

9.    <u>Court</u>. The "Court" means the United States District Court for the District of New Jersey.

10.    <u>Defendant</u>. "Defendants" mean TSAROUHIS LAW GROUP, LLC; and, AXIOM ACQUISITION VENTURES, LLC.

11.    <u>Defendants' Counsel</u>. "Defendants' Counsel" means

    Jason R. Lipkin, Esq.
    McGlinchey Stafford PLLC
    112 West 34th Street, Suite 1515
    New York, New York 10120
     (646) 362-4048 telephone
    jlipkin@mcglinchey.com

12.    <u>Effective Date</u>. "Effective Date" is the date the Final Approval Order of Judgment of the Class Action Settlement has become "Final".

13.    <u>Final</u>. "Final" means the date on which the Final Order and Judgment is entered, a proposed copy of which is annexed to the Joint Memorandum as <u>Exhibit "4"</u> or if that Final Order and Judgment is appealed, the date any and all appeals have been concluded affirming the Final Order and Judgment.

14.    <u>Final Judgment</u>. "Final Judgment" means the Final Order and Judgment provided for in paragraph "43", a proposed form of which is annexed to the Joint Memorandum as <u>Exhibit "4."</u>

15.    <u>Notice</u>. "Notice" means the Notice of Proposed Class Action Settlement in the form annexed to the Joint Memorandum as <u>Exhibit "2."</u>

16.    <u>Notice Date</u>. "Notice Date" means the date that Notice is mailed to Class Members.

17.    <u>Opt-Out Date</u>. "Opt-Out Date" means the deadline for Class Members to postmark requests for exclusion from the Settlement.

18.     <u>Person</u>. "Person" (when used in the singular or plural form) means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity and any other recognizable legal entity.

19.     <u>Conditional Order</u>. "Conditional Order" means the order preliminarily approving this Settlement Agreement, approving the Notice, and setting the Fairness Hearing, as provided in paragraph "40" of this Settlement Agreement, a form of which is annexed to the Joint Memorandum as <u>Exhibit "3."</u>

20.     <u>Related Parties</u>. "Related Parties" shall mean each of a Person's past or present officers, directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, of counsel, accountants, auditors, advisors, attorneys, insurers, reinsurers, personal and legal representatives, heirs, spouses, executors, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families

21.     <u>Released Claims</u>. "Released Claims" means the claims and liabilities released and discharged under paragraph "36".

22.     <u>Settlement</u>. "Settlement" means the terms and conditions set forth in this Agreement, including all Exhibits.

23.     <u>Settlement Administration Costs and Expenses</u>. "Settlement Administration Costs and Expenses" means the costs and expenses connected with obtaining the services of a Settlement Administrator to facilitate the Settlement, including, but not limited to, the costs of printing and mailing Notice, processing Claim Forms, and mailing Settlement Checks to eligible Class Members.

24.    <u>Settlement Administrator</u>.    "Settlement Administrator" means Simpluris, an independent settlement administrator selected by the parties.

25.    <u>Settlement Amount</u>.    "Settlement Amount" means the amounts paid to each Class Member, including JUNG YOO, plus the compensation to Class Counsel.

26.    <u>Settlement Checks</u>.    "Settlement Checks" are the checks used to pay Class Members.    Settlement Checks that are returned, undeliverable, or remain uncashed for 90 days from the date upon which they were mailed to Class Members shall have no legal or monetary effect.

27.    <u>Remainder Funds</u>.    "Remainder Funds" are the funds that remain returned, undeliverable or uncashed after 90 days from the date upon which they were mailed to Class Members.

28.    <u>Fairness Hearing</u>.    "Fairness Hearing" means the hearing to determine whether the settlement of the Class Action is fair and reasonable and should be given final approval.

29.    <u>Settling Parties</u>.    "Settling Parties" means JUNG YOO, on behalf of himself, and on behalf of the Class Members and the Class Members; and TSAROUHIS LAW GROUP, LLC; and, AXIOM ACQUISITION VENTURES, LLC

## **PLAN OF ALLOCATION**

The Parties agree to the following Settlement subject to the terms and conditions of this Agreement.    The relief provided in this Agreement is in full satisfaction and release of all claims against Defendants as described in paragraphs 36 and 37 of this Agreement.    Solely for the purposes of the Settlement and the proceedings contemplated herein, the Parties stipulate and agree to the certification of the class more fully described below.

30.    <u>Relief to Plaintiff and Class Members</u>.  Defendants will establish a fund totaling $3,478.  Out of this fund: (i) $1,000.00 will be paid to the Class Representative as statutory damages plus an additional $500.00 in recognition of his service to the Settlement Class. (ii) $1,978.00 shall be divided on a *pro rata* basis among those Class Members, who timely and properly submit a claim form in the manner provided in the Notice and/or do not "opt-out" as set forth in the Notice. Under no circumstances will any Class Member receive more than a single Settlement Check.

31.    <u>Settlement Administration Costs and Expenses</u>. Defendants will pay the costs for sending Notice to the Class, distributing Settlement Checks to Class Members and any other costs of the Settlement Administrator associated with this action.

32.    <u>Remainder Funds</u>.  Settlement Checks to the Class Members shall expire ninety (90) days from the date that they are mailed.  Within one hundred and twenty (120) days from mailing, any Remainder Funds must be delivered to Class Counsel. Upon return of the Remainder Funds, Class Counsel, as attorneys for the Class Members, will promptly cause said Remainder Funds to be delivered to the National Consumer Law Center[1] and provide documentation of said transmittal to Defendant's Counsel.

33.    <u>Attorneys' Fees</u>. In addition to the benefits described above, within thirty (30) days following the Effective Date, Defendants shall pay to Class Counsel "Attorneys' Fees" in the amount of $30,000.00 attributable to the prosecution of the claims asserted in the Complaint.

34.    <u>Class Notice</u>.  Through the Settlement Administrator, Defendants shall cause the Notice to be sent at the time provided in paragraph "39(b)" and distribute the Settlement Checks within thirty (30) days after the Effective Date.

---

[1] https://www.nclc.org/ (*last visited* August 30, 2024)

35.    <u>Class Members' Right of Exclusion</u>.  Any Class Member may seek to be excluded from this Settlement Agreement and from the Class within the time and in the manner provided in paragraph "42" of this Agreement, as approved by the Court.  Any Class Member so excluded shall not be bound by the terms of this Settlement Agreement nor entitled to any of its benefits.

## RELEASED CLAIMS

36.    "<u>Released Claims as to named plaintiffs</u>" shall be a full and complete release and includes the release of Defendants and their related and predecessor companies and their past or present directors, officers, employees, partners, principals, agents, employees, attorneys, shareholders, servicers, successors and assigns and shall include a release of  any and all claims, causes of action suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, liens, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), whether for compensatory or punitive damages, which named plaintiffs (but not class members), and/or their Related Parties as defined in paragraph "20"  has/have now arising out of, based upon, or in any way relating to the class claims asserted, or the claims which could have been asserted including any known or unknown claims, whether foreseen or unforeseen, or any future claims which may have resulted or may result from the alleged acts or omissions of Defendants, in this Lawsuit.

37.    "<u>Released Claims as to Class Members</u>" shall be a full and complete release and includes the release of Defendants and their related and predecessor companies and their past or present directors, officers, employees, partners, principals, agents, employees, attorneys, shareholders, servicers, successors and assigns and shall include a release of any

and all claims, causes of action suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law, territorial law, or foreign law right of action or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiff or any Class Member has arising out of, based upon, or in any way relating to the class claims asserted in the Lawsuit, from the beginning of time to the date of this Agreement, limited to:

      i.     Claims and causes of action of every nature and description, whether known claims or unknown, whether foreseen or unforeseen, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that any Class Members has, had, or may in the future have arising out of, based upon or that relate in any way, directly or indirectly to the federal Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and more specifically, but not limited to, Plaintiff's allegations in the Complaint that Defendants violated Section 1692e *et seq.*, of the FDCPA, by sending its debt collection communications annexed to the Complaint [ECF No. 1],

> All New Jersey consumers who TSAROUHIS LAW on behalf of AXIOM ACQUISITION, between April 19, 2023 and April 19, 2024, collected or attempted to collect a debt, which included interest.

and (i) were asserted in the Action or (ii) could have been asserted or could in the future

be asserted in any court or forum and arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or that may have resulted or may result from the acts or omissions of Defendants set forth in the Action. "Released Claims as to Class Members" do not include: (i) any claims relating to the enforcement of the Settlement; (ii) the right to receive a monetary recovery from any related governmental proceeding; or (iii) any claims of any person or entity who or which submits a timely request for exclusion from the Settlement Class that is accepted by the Court.

      ii.    Claims arising out of the prosecution or defense of this Lawsuit, including, but not limited to, claims related to the execution of this Agreement, such as claims of fraud in the inducement, negligent misrepresentation, or fraud, except that nothing herein releases any claim arising out of the violation or breach of this Agreement; and

      iii.    Claims arising out of or related to the notice of this Settlement.

38.    The Settling Parties understand and agree that this Settlement Agreement does not affect the validity of any debt owed by either the Plaintiff or any of the other Class Members to the Defendants or its clients, and the provisions of paragraph "36" shall be construed to exclude, and shall not impair or limit, any right or cause of action or right to enforce or otherwise collect any underlying debt or amount owed to the Defendants or its clients, nor impair or limit any right or cause of action by the Plaintiff or the other Class Members to dispute the underlying debt or amount owed to the Defendants or its clients.

Class Representative, individually and on behalf of the Settlement Class, expressly understands and acknowledges that it is possible that unknown losses or claims exist and that present losses may have been underestimated in amount or severity. The Parties explicitly took that possibility into account when entering into this Agreement, and a portion of the consideration and the mutual

covenants contained herein was given in exchange for full accord and satisfaction and discharge of all such losses or claims.

Each member of the Settlement Class upon entry of the Final Approval Order, will be enjoined by that order from instituting or maintaining any action for claims released under this Agreement against any persons released under this Agreement.

## **CONDITIONAL APPROVAL ORDER AND FAIRNESS HEARING**

39.    Conditional Approval Motion.  In accordance with the procedures and time schedules below, Class Counsel shall take such actions to prepare, file and submit, subject to the prior approval by all other Settling Parties, all appropriate notices, motions, and proposed order forms, as reasonably necessary to obtain both conditional and final approval of this Settlement Agreement from the Court. All Settling Parties shall cooperate, and as appropriate, shall join with Class Counsel in seeking to accomplish the following:

a.    Immediately upon the execution of this Agreement by Settling Parties, counsel for the Settling Parties shall jointly move for conditional approval of this Agreement, including a request that the Court approve the mailing of the Notice within thirty (30) days of the entry of an order granting conditional approval of this Agreement.  All Settling Parties shall join in that motion, and shall support any order approving this Agreement through any appeal, if necessary; and

b.    The Conditional Approval Order shall require, and the Notice shall set out, that any objections to this Settlement Agreement must be made in writing, filed with the Court, and served upon Class Counsel as more fully described in paragraph "41", below.  The Notice shall provide that any objection that

is not received within the time set by the Court is deemed waived. Class Counsel shall maintain a telephone number that may be called by Class Members who may have questions regarding this Settlement Agreement; and

c. The Settling Parties shall jointly request a Fairness Hearing date, which is no more than ninety (90) days after the date of entry of the Conditional Approval Order.

40. <u>Conditional Order</u>. The Conditional Order entered by the Court shall be substantially in the same form as <u>Exhibit "3"</u> to the Joint Memorandum, but as a condition of this Settlement Agreement shall at a minimum contain the following provisions:

a. Conditional approval of the Settlement Agreement set forth herein, and subject to any objections that may be presented to the Court prior to the Settlement Hearing, a finding that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Class; and

b. Approval of the form of a Class Notice that includes the general terms of the settlement set forth in the Settlement Agreement, the procedures for objections and opt-outs described below and directing the Defendants, through the Settlement Administrator to cause to be mailed by first class mail the Class Notice to all Class Members at their respective addresses as derived from the Accessible Contact Information within twenty (20) days from the date of said order; and

c. A finding that the mailing of the Class Notice by regular first class mail to all Class Members at their respective addresses as derived from the Accessible Contact Information constitutes valid, due and sufficient notice

to the Class Members and their Related Parties, and constitutes the best notice practicable under the circumstances, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

d. For the mailing of the Class Notice to Class Members, the Defendants' and Class Counsel have agreed to use Simpluris, an unrelated third-party notice company, as the Settlement Administrator.

41. Objections. Any Class Member who objects to the Settlement contemplated by this Agreement shall have a right to appear and be heard at the Fairness Hearing provided that such Class Member files with the Court and delivers to the Class Counsel and Defendants' Counsel a written notice of objection together with a statement of reasons for the objection no later than 14 days before the Fairness Hearing date. Class Counsel and Defendants' Counsel may, but need not, respond to the objections. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in detail in the Notice. Only Class Members who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Fairness Hearing, unless the Court orders otherwise. Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement or award of Attorneys' Fees to Class Counsel.

42. Exclusion from the Class. Any Class Member may seek to be excluded ("Opt-out") from the Settlement. Any Class Member so excluded shall not be bound by the Settlement and shall not be entitled to any of its benefits. To be timely, a request for exclusion must be sent in

writing to the Court, Class Counsel and Defendants' Counsel and be post-marked no later than the Opt-Out Date by first class mail. The Opt-Out Date will be no later than the deadline for opt-outs set by the Court in its Conditional Order and requests for exclusion postmarked after that date will have no legal effect. To be effective, the request for exclusion must make clear that exclusion is sought by stating words to the effect of: "I WANT TO BE EXCLUDED FROM THE SETTLEMENT CLASS IN THE MATTER OF JUNG YOO v. TSAROUHIS LAW GROUP, LLC; AND, AXIOM ACQUISITION VENTURES, LLC" The request for exclusion must contain the excluded Class Member's name, address and signature. Any Class Member who fails to file a timely and complete request for exclusion with the Court and to send copies to the proper addresses shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement. Any purported request for exclusion that is ambiguous or internally inconsistent with respect to the Class Member's desire to be excluded from the Settlement will be deemed invalid unless determined otherwise by the Court. Any communications from Class Members (whether styled as an exclusion request, an objection, or a comment) as to which it is not readily apparent whether the Class Member meant to exclude himself or herself from the Settlement will be evaluated by the Settlement Administrator and jointly by counsel for the Parties, who will make a good faith evaluation regarding the intent. Any uncertainties about whether a Class Member is requesting exclusion from the Settlement will be resolved by the Court.

## **FINAL JUDGMENT**

43.    Final Judgment. The Final Judgment entered upon the Fairness Hearing by the Court shall substantially be in the same form as Exhibit "4" to the Joint Memorandum, but as a condition of this Settlement shall, at a minimum, include the following provisions:

        a.   A finding that the distribution of the Notice fully and accurately informed all Class

Members and Related Parties entitled to notice of the material elements of the Settlement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution and any other applicable law; and

b.  A finding that after proper notice to the Class Members and after sufficient opportunity to object, no timely objections to this Settlement Agreement have been made, or that all timely objections have been considered and denied; and

c.  Approval of the Settlement, as set forth in the Settlement Agreement, as fair, reasonable, adequate, and in the best interests of the Class Members, under Rule 23 of the Federal Rules of Civil Procedure, and a finding that the Settlement is in good faith, and ordering the Parties to perform the Settlement in accordance with the terms of this Settlement Agreement; and

d.  A finding that neither the Final Judgment nor the Settlement Agreement shall constitute an admission of liability in any fashion by the Settling Parties, or any of them, of any liability or wrongdoing, and

e.  Subject to reservation of jurisdiction for matters discussed in subparagraph (h), below, dismisses with prejudice the Complaint; and

f.  In accordance with Rule 54(b) of the Federal Rules of Civil Procedure, finds that there is no just reason for delay, and orders the entry of a Final Judgment; and

g.  A finding that all Class Members and their Related Parties shall, as of the entry of Final Judgment, conclusively be deemed to have released and forever discharged the Defendants and its Related Parties from all Released Claims, and forever

enjoining and barring all Class Members and their Related Parties from asserting, instituting or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Defendant that assert any Released Claims; and

h.  A reservation of exclusive and continuing jurisdiction over the Action and the Settling Parties for the purposes of, among other things: (i) supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the Conditional Approval Order, and the Final Judgment; and (ii) supervising the administration and distribution of the relief to the Class Members and resolving any disputes that may arise with regard to any of the foregoing.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, RESCISSION OR TERMINATION

44.    This Settlement Agreement, including the releases herein, shall be null and void, and the provisions of paragraph "45" below shall apply, if each of the following conditions fail to occur or be satisfied prior to the Effective Date (the date the Final Judgment becomes Final):

a.  All non-Settlement related activities regarding the Class Action Complaint shall be, and shall remain, stayed by the Court pending Final Judgment approving this Settlement Agreement; and

b.  All Settling Parties shall approve, execute, and perform all such acts or obligations that are required by this Settlement Agreement to be performed prior to the Effective Date; and

c.  A Conditional Order, in a form as described by paragraph "40" above and attached as Exhibit "3" to the Joint Memorandum, shall be entered by the

Court; and

    d. At or prior to the Fairness Hearing, no objections to this Settlement Agreement have been received, or if any such objections have been received, all such objections have been considered and denied by the Court; and

    e. A Final Judgment, substantially in a form as described in paragraph '43'", above, shall be entered by the Court; and

    f. Subject to the reservation of jurisdiction for matters described in paragraph "43(h)", the Action must be dismissed with prejudice.

45.    In the event that this Settlement Agreement is finally rejected upon the Fairness Hearing, or in the event a Final Judgment is not entered, or does not become final, or in the event that the Settlement Agreement is rejected by the mandate of an appellate court, then the terms of this Agreement shall be null and void:

    a. The terms of this Agreement shall have no further force and effect with respect to the Settling Parties.

    b. This Agreement shall not be used in litigation for any purpose; provided, however, this Agreement may be used for bringing an action for failure of a Settling Party to take steps required by this Agreement;

    c. The Settling Parties shall be restored to their respective positions in the litigation as of the date of the Settlement Agreement with all of the settlement amount paid on behalf of Defendants being returned to Defendants' insurer; and

    d. Any Judgment or orders entered by the Court in accordance with this Settlement Agreement shall be treated as vacated.

## MISCELLANEOUS PROVISIONS

46.     <u>Enforcement</u>.  The Settling Parties acknowledge that violation of the Settlement Agreement or any of the releases will cause immediate irreparable injury for which no remedy at law is adequate.  If any Settling Party fails to perform his, her or its obligations hereunder, any other Settling Party shall be entitled to specific performance, including through mandatory preliminary and injunctive relief, in addition to such other remedies as provided herein.  Nothing contained herein shall be construed to preclude any Settling Party from applying for contempt or other remedy or sanction provided by the Federal Rules of Civil Procedure for breach of this Settlement Agreement.

47.     <u>Class Notice Returned as Undeliverable</u>.  If after the Class Notice is mailed to a Class Member(s), it is returned as undeliverable, the Settlement Administrator shall not mail to the Class Member(s) a Settlement Check(s).

48.     <u>Commitment to the Settlement and Communication with the Class</u>.  The Settling Parties and their counsel agree to recommend approval of and to support the Settlement Agreement to the Court and to the Class Members and to undertake their best efforts, including all reasonable steps and efforts contemplated by the Settlement Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Court or otherwise, to carry out the terms of the Settlement Agreement. The Parties shall cooperate, assist and undertake all reasonable actions in order to accomplish the Settlement on a timely basis in accordance with the schedule established by the Court.  Class Counsel shall make every reasonable effort to encourage Class Members to participate in and to not opt-out of the class.  In furtherance of its responsibility to the Class Members and the obligation to preserve the integrity of the class, Class Counsel represents that (i) it does not currently represent any individuals falling within the definition of Class Member,

as defined at paragraph 6, that Class Counsel is not aware of any Class Members who intend to opt out of the Settlement; and (ii) it will not represent a Class Member who has opted out of the Settlement.

49.     <u>Good Faith Settlement and Advice of Counsel</u>.  The Settling Parties agree that the terms of the Settlement reflect a good-faith settlement of the claims asserted by the Class Representatives and other Class Members in the Action, reached voluntarily after consultation with experienced legal counsel.

50.     <u>Incorporation</u>. All of the Exhibits to the Agreement are material and integral parts of the Settlement and are fully incorporated herein by this reference.

51.     <u>No Waiver</u>.  The waiver of one Settling Party of any breach of this Settlement Agreement by any other Settling Party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement Agreement; nor shall such a waiver be deemed a waiver by any other Settling Party of that breach or a waiver by that Settling Party of any other Settling Party's breach.

52.     <u>Modification</u>. The Agreement may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their successors-in-interest.

53.     <u>Headings</u>.  The heading of the paragraphs herein are for convenience only and do not define, limit, or construe the contents of this Agreement.

54.     <u>Entire Agreement</u>.  The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement  and no representations, warranties, or inducements have been made to any Settling Party concerning the Agreement or its Exhibits other than the representations,

warranties and inducements contained and memorialized in the Agreement and the Exhibits thereto.

55. <u>Authority to Settle</u>. Class Counsel warrant that they are expressly authorized by the Class Representative to take all appropriate action to effectuate the terms and conditions of the Settlement and also are expressly authorized to enter into any modifications of, or amendments to, the Agreement on behalf of the Class which they deem appropriate.

56. <u>Authority to Execute</u>. Each person executing the Agreement or any of its Exhibits on behalf of any Settling Party hereto hereby warrants that he or she has the full authority to do so.

57. <u>Counterparts</u>. The Agreement shall become effective upon its execution by all of the Parties and may be executed in one or more counterparts, each of which shall be deemed to be one and the same instrument. Counsel for all the Settling Parties shall exchange among themselves signed counterparts, and a complete set of executed counterparts shall be filed with the Court.

58. <u>Binding Effect</u>. The Parties intend that the Court will approve this Agreement as is, and in its entirety. The Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties hereto. All Settling Parties waive the right to appeal or collaterally attack the Final Judgment entered under this Settlement Agreement.

59. <u>Exclusive Jurisdiction and Venue for Enforcement</u>. The Agreement shall be governed by the laws of the State of New Jersey. Any dispute relating to this Agreement and/or Final Judgment shall be resolved exclusively in the U.S. District Court for the District of New Jersey, which Court shall retain exclusive jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Final Judgment. The Settling Parties agree to submit to the Court's exclusive jurisdiction and venue for the purposes described above.

60.    <u>Costs and Expenses</u>.  Except as otherwise provided herein, each Settling Party shall bear its own costs and expenses.

61.    <u>Interpretation</u>.    All Settling Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be presumptively construed for or against any of the Settling Parties.

<u>62.    Tax Consequences</u>.    This Agreement is enforceable regardless of its tax consequences. The Parties understand and agree that this Agreement reflects the settlement of disputed legal claims and that Defendants make no representations regarding the Agreement's tax consequences. Class Representative and the Settlement Class shall be solely responsible for any and all taxes due and owing, if any, should any portion of the relief provided under this Agreement be taxable.


IN WITNESS WHEREOF, the Parties hereto have caused the Agreement to be executed, by

their duly authorized attorneys.

Dated: August 30, 2024



I have read and understand the foregoing twenty-two (22) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.


_____
JUNG YOO

I have read and understand the foregoing twenty-two (22) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

TSAROUHIS LAW GROUP, LLC

_____

I have read and understand the foregoing twenty-two (22) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

AXIOM ACQUISITION VENTURES, LLC

_____

I have read and understand the foregoing twenty (20) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

_____

JUNG YOO

I have read and understand the foregoing twenty-one (21) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

TSAROUHIS LAW GROUP, LLC

_____

I have read and understand the foregoing twenty-one (21) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

AXIOM ACQUISITION VENTURES, LLC

_____

I have read and understand the foregoing twenty (20) page Settlement Agreement and Release.  I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

_____
JUNG YOO

I have read and understand the foregoing twenty-one (21) page Settlement Agreement and Release.  I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

TSAROUHIS LAW GROUP, LLC

_____
By: Demetrios Tsarouhis

I have read and understand the foregoing twenty-one (21) page Settlement Agreement and Release. I acknowledge that I have discussed the terms and conditions of the Settlement Agreement and Release with my counsel, who has explained the meaning of the Settlement Agreement and Release to my satisfaction and affirmatively represent that I enter into this agreement of my own free will.

AXIOM ACQUISITION VENTURES, LLC

_____